# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

October 24, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM C. PORTER,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1743**  (BOR Appeal No. 2046011)
(Claim No. 2009084658)

**CONSOLIDATION COAL COMPANY MORGANTOWN REGION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William C. Porter, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 1, 2011, in which the Board affirmed a May 24, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 12, 2009, decision, granting no additional award because Mr. Porter was fully compensated by the prior 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Porter worked for Consolidation Coal Company as a coal miner. On October 19, 1992, Mr. Porter was examined by the Occupational Pneumoconiosis Board and found to have occupational pneumoconiosis with no measurable impairment. Mr. Porter was granted a 5% permanent partial disability award based on the Board's findings. Following Mr. Porter's retirement, he was again examined by the Occupational Pneumoconiosis Board. The Board found parenchymal changes suggesting a very minimal degree of occupational pneumoconiosis but pulmonary function testing and diffusion testing were both normal. The Board concluded that

1

Mr. Porter had occupational pneumoconiosis but he had no measurable impairment. Based on the Occupational Pneumoconiosis Board's findings, the claims administrator granted Mr. Porter no additional award and found that he had been fully compensated by the prior 5% permanent partial disability award. The Office of Judges then affirmed the claims administrator's decision, on May 24, 2011. The Board of Review affirmed the Order of the Office of Judges on December 1, 2011, leading Mr. Porter to appeal.

In a hearing conducted before the Office of Judges, the Occupational Pneumoconiosis Board testified that Mr. Porter had occupational pneumoconiosis but no signs of pulmonary impairment. The Board considered two additional diffusion studies conducted by East Ohio Regional Hospital and the Occupational Lung Center. The Board testified that the diffusion study conducted by the East Ohio Regional Hospital indicated that there was no impairment. The Board considered the diffusion study conducted by the Occupational Lung Center which indicated that Mr. Porter had 10% impairment from occupational pneumoconiosis. But the Board noted that its diffusion study had better volumes than the study conducted by the Occupational Lung Center. Based on consideration of the evidence in the record, the Occupational Pneumoconiosis Board determined that there was no reliable evidence of pulmonary impairment, either on a diffusion or ventilator basis.

The Office of Judges concluded that Mr. Porter had occupational pneumoconiosis with no measurable impairment. The Office of Judges then concluded that Mr. Porter had been fully compensated by the prior 5% permanent partial disability award. The Office of Judges based its conclusion on the findings of the Occupational Pneumoconiosis Board and determined that the Board had not been shown to be clearly wrong. The Office of Judges found that the diffusion study tests showing the highest volumes are the best indicators of pulmonary function and the diffusion study of the Occupational Lung Center had considerable lower volumes than the other studies. The Office of Judges also found that all spirometry testing was within completely normal limits. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review. The Occupational Pneumoconiosis Board consistently found that Mr. Porter had occupational pneumoconiosis with no measurable impairment and that finding was supported by the record as a whole. The Occupational Pneumoconiosis Board sufficiently distinguished the results of its diffusion studies from the study conducted by the Occupational Lung Center and demonstrated that its study was a better representation of Mr. Porter's impairment. The Occupational Pneumoconiosis Board has not been shown to be clearly wrong. Since the evidence in the record demonstrates that Mr. Porter has occupational pneumoconiosis with no measurable impairment and has already received a 5% permanent partial disability award related to this claim, he has been fully compensated by the prior award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II